UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMANDA RAY, an individual,

    Plaintiff,

vs.

FIRST NATIONAL COLLECTION BUREAU, INC.,

    Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, Amanda Ray by and through her undersigned counsel, and brings this action against the Defendant, First National Collection Bureau, Inc. and in support alleges as follows:

### INTRODUCTION

1. This is an action brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 et seq.

2. Plaintiff is seeking the remedies she is entitled under the above-listed statutes for an ongoing course of action by Defendant to collect on a debt that had been discharged in bankruptcy nearly a decade ago.

### JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial question of federal law.

4. Moreover, this case is a civil action arising under the law of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. In addition, the Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

7. At all times material hereto, Plaintiff was a natural person and resident of Duval County, Florida.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA ) and 15 U.S.C. § 1692a(3).

## PARTIES

9. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by Florida Statute Section 559.55(8) and 15 U.S.C. §1692(a)(3).

10. Defendant is a creditor operating from Jacksonville, Florida and is a "creditor" as that term is defined by Section 559.55(5) and 15 U.S.C. §1692a(4).

11. Defendant is a debt collector "debt collector" as defined by the 15 U.S.C.A. § 1692a(6) and Fla. Section 559.55

12. At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff (the "Debt"). Specifically, the Debt was a Verizon Wireless account that had been discharged in bankruptcy.

2

13. At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

14. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15. At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 U.S.C. §1692a(2).

## GENERAL ALLEGATIONS

16. Prior to August 2009, Plaintiff incurred a debt with Verizon Wireless. It was sent to collections with Defendant, First National Collection Bureau, Inc.

17. On August 5, 2009, Plaintiff, Amanda Ray filed a petition for relief through counsel, Keith Collier Esq. under Title 11, Chapter 7 Voluntary Bankruptcy of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division in Case **3:09-bk-06574-JAF.** Shortly thereafter, Defendant was notified by the Bankruptcy Court. *See Exhibit A.*

18. Defendant, in fact, was specifically listed as a creditor on Plaintiff's petition for bankruptcy. *See Exhibit B.*

19. Plaintiff was discharged from bankruptcy on December 1, 2009. Notice was sent to Defendant on December 3, 2009. *See Exhibit C.*

20. On March 20, 2019, Defendant sent a collection letter to Plaintiff demanding the payment of $244.52. *See Exhibit D*, **Collection Letter.** This collection letter was sent *nearly a*

*decade after the debt had been discharged.*

21. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 at 1172-75(11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC,* 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937)).

22. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

23. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendant.

## COUNT I

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat.

24. Plaintiff RAY incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

25. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat.

26. By violating the bankruptcy discharge and attempting to collect a debt that had not been owed for almost a decade, Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72 by:

  a. "...willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7); and

  b. "by attempting to collect the debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist" Fla. Stat. § 559.72(9).

27. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationships, as well as with other family members.

28. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

29. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

30. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

  a) For actual damages;

  b) For compensatory damages;

    c)    For statutory damages;

    d)    For punitive damages;

    e)    For attorney's fees and costs incurred in this action;

    f)    For such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE FDCPA

31. Plaintiff RAY incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

32. This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

33. The improper reporting on Plaintiff's credit report by Defendant is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff's debt was a consumer debt as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

34. At all material times herein, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

35. At all material times herein, Defendant was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

36. By attempting to collect a debt which had not been owed for nearly ten years, Defendant violated:

    a.    15 U.S.C. §1692e(2)(A) by providing a "false representation of . . . the character, amount, or legal status of any debt,"

    b. 15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt), and

    c. 15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

37. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed. Plaintiff is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

38. For the purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

    a) For actual damages;

    b) For compensatory damages;

    c) For statutory damages;

    d) For punitive damages;

    e) For attorney's fees and costs incurred in this action;

    f) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence – paper, electronic documents, or date – pertaining to this litigation as required by law.

Dated this 25th day of September, 2019.

**MAX STORY, P.A.**
/s/ Max Story
MAX STORY, ESQ.
Florida Bar No.: 527238
AUSTIN J. GRIFFIN, ESQ.
Florida Barn No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff